UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cynthia Parker Gaines, individually and as Personal Representative of the Estate of Michael W. Gaines a/k/a Michael Gaines, Sr. | Civil Action No.: 4:17-cv-02053-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| CSX Transportation, Inc., | |
| Defendant. | |

Plaintiff Cynthia Parker Gaines ("Plaintiff"), who represents the estate of her deceased husband Michael W. Gaines, Sr. ("Mr. Gaines"), brings this wrongful death and survival action against Defendant CSX Transportation, Inc. ("Defendant"). Defendant has filed a motion for summary judgment, and the Court denies the motion for the reasons herein.[1]

## **Background**

During the very windy afternoon of February 24, 2016, Mr. Gaines was driving his truck on Gilchrist Road, a paved public road located in Darlington County. He encountered a broken tree limb blocking the roadway, so he parked his truck, walked to the limb, and attempted to remove it. While Mr. Gaines was bending down to pick up the limb, a pine tree fell on him and seriously injured him. The pine tree had been located on property (an abandoned railbed) owned by Defendant; it had not been planted there but was naturally occurring and indigenous to the area. Mr. Gaines died from his injuries approximately two hours later.

---

[1] Pursuant to Local Civil Rule 7.08 (D.S.C.), the Court does not find a hearing necessary on the summary judgment motion.

On July 3, 2017, Plaintiff filed this wrongful death and survival action in state court against Defendant. *See* Complaint [ECF No. 1-1]. Plaintiff alleged, among other things, that the fallen tree was "damaged or diseased" and that Defendant had "a duty to maintain its property to make certain trees on its property safe, and a duty of reasonable care to make certain trees on its property are safe for travelers of streets adjoining its land." Compl. at ¶¶ 10, 13.

On August 4, 2017, Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and it subsequently answered and filed a motion for summary judgment. *See* ECF Nos. 1, 4, & 32. Plaintiff filed a response in opposition, and Defendant filed a reply. *See* ECF Nos. 35 & 36.

## **Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not

2

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## **Discussion**

Defendant moves for summary judgment by arguing "that South Carolina law does not require an owner of rural land to inspect trees on its property so as to prevent a defective tree from falling onto a public highway causing injury." ECF No. 32-1 at p. 4. Defendant further contends "there are no disputed issues of material fact." *Id.*

To prove a negligence claim under South Carolina law, a plaintiff must show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty by a negligent act or omission;

3

(3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered injury or damages. *Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016). The sole issue here is whether Defendant owed a duty of care.

"In *Israel v. Carolina Bar-B-Que, Inc.*, 356 S.E.2d 123 (S.C. Ct. App. 1987), *cert. denied*, 360 S.E.2d 824 (S.C. 1987), [the South Carolina Court of Appeals] adopted the rule that a landowner in a residential or urban area has a duty to others outside the property to prevent an unreasonable risk of harm from defective or unsound trees on the premises."[2] *Ford v. S.C. Dep't of Transp.*, 492 S.E.2d 811, 814 (S.C. Ct. App. 1997); *see Israel*, 356 S.E.2d at 127 (adopting the reasoning of *Mahurin v. Lockhart*, 390 N.E.2d 523 (Ill. App. Ct. 1979), and holding "a landowner in a residential or urban area has a duty to others outside of his land to exercise reasonable care to prevent an unreasonable risk of harm arising from defective or unsound trees on his premises, including trees of purely natural origin"). However, this duty does not extend "to an owner of trees of natural origin growing on rural, undeveloped land." *Ford*, 492 S.E.2d at 814. The South Carolina Court of Appeals has reaffirmed its holding from *Israel* in subsequent cases including *Ford*, *Staples v. Duell*, 494 S.E.2d 639, 641–42 (S.C. Ct. App. 1997), and *Underwood v. Coponen*, 625 S.E.2d 236, 238 (S.C. Ct. App. 2006).[3]

Plaintiff contends there is a question of fact regarding whether Defendant's property was

---

[2] "At common law [the landowner] would not have been liable for a falling tree or limb. But under modern authorities, . . . the liability does exist." *Israel*, 356 S.E.2d at 127. Notably, the duty differs where the state highway department is involved. *See generally Staples v. Duell*, 494 S.E.2d 639, 642 n.3 (S.C. Ct. App. 1997) ("Unlike a rural landowner, however, the highway department has a duty to protect commuters along the highways." (citing *Inabinett v. State Highway Dep't*, 12 S.E.2d 848 (S.C. 1941)).

[3] The South Carolina Supreme Court does not appear to have addressed this issue, and therefore the Court follows the law established by the South Carolina Court of Appeals. *See Hickerson v. Yamaha Motor Corp.*, 882 F.3d 476, 484 (4th Cir. 2018) ("When the highest court of a state has not indicated how it would decide an issue, we follow the law of intermediate state courts, like the South Carolina Court of Appeals, absent persuasive data that the highest court would rule differently." (internal quotation marks omitted)). As indicated above, the South Carolina Supreme Court denied certiorari to review the *Israel* decision.

4

"residential or urban" or whether it was "rural [and] undeveloped." The Court agrees.

At the outset, the Court notes that "[w]hether the law recognizes a particular duty is an issue of law [normally] decided by the court." *Carson v. Adgar*, 486 S.E.2d 3, 5 (S.C. 1997); *see, e.g.*, *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 221 (4th Cir. 2012) (applying South Carolina law to determine whether a duty existed in a negligence action). "In some circumstances, however, the question of whether a duty arises depends on the existence of particular facts. Where the existence or non-existence of a duty depends on facts, it is the duty of the court to instruct the jury as to the defendant's duty, or absence of duty, if either conclusion as to the facts is reached." *Id.* Here, the question of whether Defendant had a duty to prevent an unreasonable risk of harm from defective or unsound trees depends on whether its property was located on "rural, undeveloped land" or whether it was "in a residential or urban area." *Ford*, 492 S.E.2d at 814.

Defendant contends it had no duty to inspect trees on its property because the land was rural. In support of this contention, Defendant submits the following evidence: (1) during a forty-eight hour traffic count in March 2018, 297 vehicles (approximately 6.18 vehicles an hour) driving on Gilchrist Road passed by the location in question; (2) the area is "sparsely populated" and consists mostly of farmland and woods, as indicated by video and photographs; (3) no railroad tracks or trains have been there since the early 1970s; and (4) the only changes over the last fifty years are that the road was paved by Darlington County around 2014 and that a beaver dam has made the area swampy. *See generally* ECF Nos. 32-2 through 32-12 & 36-1 through 36-4 (Defendant's exhibits).

Meanwhile, Plaintiff contends Defendant had a duty to inspect trees on its property because the land was residential and/or urban. Plaintiff relies on the following evidence: (1) multiple homes are located near Defendant's property, as indicated by a Google Map photo submitted by Plaintiff and by

5

Google Earth photos submitted by Defendant itself; (2) a large automobile auction storage lot is located nearby; (3) cultivated farmland means the area is developed; and (4) Gilchrist Road is actually a "frequently traveled roadway." *See generally* ECF Nos. 35-1 through 35-7 (Plaintiff's exhibits). Significantly, Plaintiff has submitted correspondence that occurred in 2013 between Mr. Gaines and Defendant regarding paving of Gilchrist Road. *See* ECF Nos. 35-4 & 35-5. In Mr. Gaines's letter dated April 10, 2013, and addressed to Defendant's corporate headquarters, he writes:

> You are receiving this letter ***as a collective request from the residents of Gilchrist Road*** in Darlington, South Carolina. We are writing to solicit the cooperation of CSXT in acquiring the sole remaining right-of-way necessary to successfully achieve the much needed surfacing of our roadway. Given that ***most of us have resided on this road for multiple decades***, the culmination of this activity has been a long awaited goal. This project offers improvements that will greatly enhance ***accessibility to our homes***, while simultaneously providing better drainage and safer travel.

ECF No. 35-5 at p. 3 (emphases added). Notably, the letter is signed by Mr. Gaines *and* more than a dozen other "residents of Gilchrist Road." *Id.* On May 29, 2013, a representative for Defendant responded to Mr. Gaines's letter about the road project acknowledging "the impact it will have on ***you and your neighbors***." ECF No. 35-4 (emphasis added). Additionally, a planning official for Darlington County had previously written Defendant a letter in February 2013 discussing the paving project and referencing the "[p]roperty owners along Gilchrist Road" and "the public who depend on Gilchrist Road." *See* ECF No. 35-6. Finally, Plaintiff argues Defendant's property cannot be considered "undeveloped land," *Ford*, 492 S.E.2d at 814, because it consists of a raised railbed onto which various trees later grew, including the one that killed Mr. Gaines.

Based on the above evidence, the Court concludes there is a genuine issue of material fact regarding whether Defendant's property is "rural, undeveloped land" or whether it is "in a residential

or urban area" *Ford*, 492 S.E.2d at 814. In fact, in *Staples* (relied on by Defendant), the South Carolina Court of Appeals contemplated this issue potentially being a jury question. *See Staples*, 494 S.E.2d at 641 n.1 ("Staples did not argue the classification of Duell's property as urban or rural land constituted a jury question. We, therefore, do not address whether the trial court erred in declining to submit the rural or urban issue to the jury."). Here, the Court must submit the rural/undeveloped versus residential/urban issue to a jury because it is a question of fact. In other words, whether Defendant had a duty with respect to defective or unsound trees on its property "depends on facts"—rural/undeveloped versus residential/urban—that must be decided by a jury. *Carson*, 486 S.E.2d at 5. Accordingly, the Court will deny Defendant's motion for summary judgment.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment [ECF No. 32]. The parties' Consent Motion to Stay Scheduling Order Deadlines [ECF No. 43] is **MOOT**, and the Court **DIRECTS** the parties to submit a proposed consent fourth amended scheduling order for the Court's consideration by Tuesday, January 29, 2019.

**IT IS SO ORDERED.**

Florence, South Carolina  
January 24, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge