IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CYNTHIA PARKER GAINES, )
individually and as Personal Representative )
of the Estate of MICHAEL W. GAINES )
a/k/a MICHAEL GAINES, SR., )
)
        Plaintiff, )   Case No. 4:17-cv-02053-DCC
)
)
v. )
)
CSX TRANSPORTATION, INC., )
)
        Defendant. )
_____)

ORDER APPROVING WRONGFUL DEATH SETTLEMENT

This matter comes before me pursuant to S.C. Code Ann. §§15-51-41, et. seq., and upon the attached verified Petition of Cynthia Parker Gaines, Personal Representatives of the Estate of Michael W. Gaines a/k/a Michael Gaines, Sr., for an Order approving and confirming the settlement set out in said Petition. The Petition is incorporated herein by reference and fully made a part of this Order.

This action is brought by Petitioner seeking to recover for claims arising from a wrongful death and survival action. The parties have set forth their positions in regard to this matter in the pleadings.

It is represented to me that the terms of the settlement proposed between the parties calls for payment by CSX Transportation, Inc., to Cynthia Parker Gaines, as Personal Representative of the Estate of Michael W. Gaines a/k/a Michael Gaines, Sr., the amount of Eight Hundred Thousand and 00/100 dollars ($800,000.00) for all claims, including but not limited to for wrongful death and under the survival statute, against Defendant CSX Transportation Inc. Of this total amount,

Seven Hundred Ninety-Seven Thousand Two Hundred Ninety-Eight and 15/100 Dollars ($797,298.15) is allocated to the wrongful death claim and Two Thousand Seven Hundred One and 85/100 Dollars ($2,701.85) is allocated to the survival claim. Fees and costs shall be paid from the wrongful death portion of the settlement as follows: Three Hundred Twenty Thousand and 00/100 Dollars ($320,000.00) of the total settlement amount (40%) is to be paid jointly to Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A. and The Jebaily Law Firm, P.A. for attorneys' fees; Eleven Thousand Six Hundred Thirty-Two and 74/100 Dollars ($11,632.74) is to be paid to Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A. for costs associated with this litigation; and Five Thousand Seven Hundred Forty-Eight and 42/100 Dollars ($5,748.42) is to be paid to The Jebaily Law Firm, P.A. for costs associated with this litigation.

Additionally, Petitioner has agreed to pay any other outstanding bills or expenses and/or to satisfy any valid liens or subrogation claims arising out of this accident from the survival claim proceeds of the settlement. I find this to be appropriate and direct the Petitioner to do as she has agreed.

After due consideration and inquiry into the circumstances surrounding the incident out of which the cause of action or claims and proposed settlement arose, I find and conclude under the circumstances that this agreement for compromise is just and reasonable and is in the best interests of the Estate of Michael W. Gaines a/k/a Michael Gaines, Sr., the Personal Representative of the Estate, the statutory beneficiaries, and all of the beneficiaries of the Estate. Therefore, I am of the opinion and so find that the settlement should be approved and confirmed as provided by S.C. Code Ann. §§15-51-41, et. seq.

NOW, THEREFORE,

IT IS ORDERED that the compromise, as recited in the Petition, be and hereby is approved as a fair, just and reasonable settlement of the contest and controversy existing between the Estate of Michael W. Gaines a/k/a Michael Gaines, Sr., his heirs and beneficiaries and CSX Transportation, Inc.

AND IT IS FURTHER ORDERED, that the Personal Representative of the Estate of Michael W. Gaines a/k/a Michael Gaines Sr., whose actions are binding upon the Estate of Michael W. Gaines a/k/a Michael Gaines Sr., and his heirs and beneficiaries, are directed, authorized, and empowered to execute such Releases or other documents or to take any appropriate action to effectuate and consummate the settlement, thereby relieving and forever discharging CSX Transportation Inc., from any liability whatsoever and from all claims and demands of whatsoever nature, including, but not limited to, all causes of action for wrongful death and under the survival statute, which the decedent, Michael W. Gaines a/k/a Michael Gaines Sr., his survivors, heirs, beneficiaries and/or representatives have or might have arising out of said incident.

This the 29th day of April, 2019

_____
United States District Judge